UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

RUDOLPH RICHARDSON,

                Plaintiff,

      -against-

The CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF CORRECTIONS,
CORIZON HEALTH INC., DR. LANDIS BARNES
JOHN/JANE DOE #1-10,

              Defendants.

-----------------------------------------------------------X

15 CV 543

15 Civ _____

**COMPLAINT AND
JURY DEMAND**

## PRELIMINARY STATEMENT

1. This is an action to recover money damages arising out of a violation of Plaintiffs'

rights as secured by the Fourth, Eighth, Fourteenth Amendments to the United States

Constitution, and the laws of the State of New York.  Plaintiff, Rudolph, Richardson, was

deprived of his constitutional and common law rights, when the individual defendants while

acting alone and/or in concert, unlawfully caused the plaintiff to be severely injured while he was

in inmate at the Manhattan Detention Complex, a New York City Jail.

## PARTIES

2. Rudolph Richardson is a citizen of the United States of America.  At the time of this

incident he resided at the Manhattan Detention Complex ("MDC") in New York County

3. Defendant, The City of New York ("the City"), is a municipal corporation that,

through the Department of Correction ("DOC"), operates a number of detention jails.

Correctional Health Services ("CHS") is a unit within the New York City Department of Health

and Mental Hygiene ("DOHMH"), a City agency.  DOHMH, through CHS, is responsible for the

provision of medical care and services to prisoners confined in the City jails,

including MDC.  DOC and DOHMH/CHS are also responsible for the appointment, training,

supervision, and conduct of all DOC and DOHMH/CHS clinical personnel, including the

defendants referenced herein.

4. On information and belief, at all times relevant hereto, defendant Corizon

Health, Inc. ("Corizon") provided medical care to prisoners in DOC correctional facilities,

including MDC. In carrying out its duties, Corizon was required to ensure that the personnel it

employed at MDC complied with all DOC and DOHMH/CHS policies, procedures, directives,

and protocols in addition to all relevant local, state, and federal statutes, and regulations.

5. On information and belief, at all times relevant hereto, defendant Dr. Landis Barnes,

was a physician employed by the City or Corizon and assigned to MDC.  Between June 2, 2014

and June 5, 2014, he was responsible for the provision of appropriate medical care to patients at

MDC, including Mr. Richardson.  The Medical Defendants are sued in their individual

capacities.

6. At all times relevant hereto, defendants Jane/John Doe ## 1-10 ("the

Officer Defendants") were officers of DOC, including but not limited to assistant deputy

wardens, captains, and correction officers, between June 2, 2014 and June 5, 2014, who

participated in and/or had knowledge of and delayed and/or denied Mr. Richardson from getting

adequate medical care.  At all times relevant hereto, the Officer Defendants were acting under

color of state law and within the scope of their capacities as agents, servants, and employees of defendant City. The Officer Defendants are sued in their individual capacities.

7. Defendants Jane/John Does # 1-10 are sued under fictitious designations because plaintiff has not been able to ascertain their names and, where relevant, shield numbers, notwithstanding reasonable efforts to do so.

## JURISDICTION

8. This action arises under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §§ 1983 and 1988 and New York state common law and constitution.

9. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a) (3) and (4), 1367(a) and the doctrine of pendent jurisdiction.

10. The acts complained of occurred in the Southern District of New York, and venue is lodged in this Court pursuant to 28 U.S.C. § 1391(b).

## JURY DEMAND

11. Plaintiff demands trial by jury in this action.

## STATEMENT OF FACTS

12. Defendant, the City of New York is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a department to supervise prisoners housed in New York City jails, which act as its agent in the area of law enforcement

3

and for which it is ultimately responsible.  The defendant, the City of New York assumes the risks incidental to the maintenance of a correctional officers and the employment of correctional officers as said risks attach to the public consumers of the services provided by the DOC.

13.  On or about June 4, 2014, at approximately seven in the evening, Plaintiff, Rudolph Richardson, was a prisoner at the MDC.  He was in the "common area" with other inmates from his cell block, when he asked an Officer if he could return to his cell to use the bathroom.

14.  Mr. Richardson was given permission to return to his cell to use the bathroom.  The door of his cell was opened for him by an Officer who had control over the equipment that electronically opened and closed the cells.

15.  The toilet bowl in Mr. Richardson's cell is located directly next to the cell door. while Mr. Richardson was using the toilet, an Officer suddenly and negligently closed the door to Mr. Richardson's cell, causing the fingers of Mr. Richardson's left hand to get caught in said door.

16.  As a result of the negligent actions of this Officer, a portion of Mr. Richardson's finger became detached from his left hand.

17.  Mr. Richardson immediately began bleeding profusely.  Confused and in shock, Mr. Richardson quickly returned to the common area to try inform the Officer that should have been stationed there of his injury.  The Officer was not at his station.

18.  Fellow inmates were able to get the attention of an Officer at another station.  That Officer attempted to contact the medical clinic.  It took more than ten minutes for an officer to arrive to escort Mr. Richardson to the medical clinic located inside of MDC.

19.  When Mr. Richardson finally arrived at the MDC medical clinic, he was not properly

examined by the doctor, Dr. Landis Barnes. Dr. Barnes briefly looked at Mr. Richardson's hand and told him that his finger could not be saved. Incredibly, Dr. Barnes informed Mr. Richardson that he should throw the detached portion of his finger into the garbage.

20. Mr. Richardson refused to throw his finger away and had to ask Dr. Barnes for a solution or ice to preserve his finger. Dr. Barnes reluctantly fulfilled this request.

21. Mr. Richardson also had to demand from Dr. Barnes, that he properly wrap his wound so that the bleeding would stop or slow down. Dr. Barnes insisted that the wound was properly wrapped.

22. Mr. Richardson, shocked and concerned about the treatment, or lack thereof he had received, asked to fill out an incident report. Mr. Richardson was informed by an Officer that he had just made bail and could be released right at that moment. However, if he insisted upon filling out a report, they would not release him.

23. Mr. Richardson asked to fill out an incident report. He was then placed in a locked room for this purpose. Mr. Richardson completed the incident report in a matter of minutes but was kept in this locked room without proper medical treatment or care. Mr. Richardson was obviously in need of immediate and specialized care, so that his finger could be saved. Instead, Plaintiff was kept inside of a locked room without having received any proper medical treatment, merely because he requested that the incident be properly documented.

24. Eventually, Mr. Richardson's injured hand was placed in handcuffs, and he was placed bleeding, and in immense pain inside of a Correctional vehicle, and transported to Bellevue Hospital.

25. At Bellevue Hospital Plaintiff underwent surgery to reattach his finger, and to repair

the broken bones in another finger.  Plaintiff has to attend physical therapy and has had to follow

up procedures due to an infection in the detached finger.  It is unclear at this point if there will be

further procedures or if Mr. Richardson will regain full and proper use of his left hand.

26. As a direct and proximate result of the acts of defendants, Mr. Richardson suffered a

violation of civil rights, embarrassment, humiliation, loss of liberty, medical bills, psychological

injury, pain, suffering, emotional distress and mental anguish.

27.  A notice of claim was served on the Comptroller of the City of New York and at least

thirty days have elapsed since the service of such notice and adjustment and/or payment has been

neglected and/or refused.


## FIRST CLAIM FOR RELIEF

### 42 U.S.C. § 1983

### (Against All Defendants)Violation of Plaintiff's Fourth Amendment and

### Fourteenth Amendment Rights

28. Plaintiff repeats and realleges the foregoing paragraphs as if the same were

fully set forth at length herein.

29. By reason of the foregoing, and by confining Mr. Richardson to a locked room inside

of the medical clinic, all while denying him access to adequate medical care, failing to provide

medical care and/or exhibiting deliberate indifference to Mr. Richardson's rights by not

acting on information which indicated that unconstitutional acts were occurring, the Officers and

Medical Defendants deprived Mr. Richardson of rights, privileges, and immunities guaranteed to

every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to,

rights guaranteed by the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution. The Officers and Medical Defendants acted at all relevant times hereto willfully, wantonly, maliciously, and/or with such reckless disregard of consequences as to reveal a conscious indifference to the clear risk of serious injury to Mr. Richardson that shocks the conscience.   The medical treatment was so grossly incompetent and inadequate that it shocks the conscience and constituted deliberate indifference to Mr. Richardson's fundamental constitutional rights.  As a direct and proximate result of these violations of Mr. Richardson's constitutional rights, he suffered the damages hereinbefore alleged.

30. The Individual Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as Department of Corrections officers, agents, employees, and/or contracted personnel. Said acts by Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Said Defendants acted willfully, knowingly, and with the specific intent to deprive Mr. Richardson of his constitutional rights secured by 42 U.S.C. § 1983 and by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

## SECOND CLAIM FOR RELIEF

### Medical Malpractice

### (Against the Medical Defendants and Corizon)

31. The Medical Defendants were employed, retained and/or contracted with by the City to provide medical care to all inmates in the care and custody of the City at the Manhattan Detention Complex, including Mr. Richardson. The Medical Defendants agreed and purported to

provide medical care and services to inmates in at the Manhattan Detention Complex, including Mr. Richardson, from June 2, 2014 until June 5, 2014.

32. The Medical Defendants and defendant Corizon held themselves out as possessing the proper degree of learning and skill necessary to render medical care, treatment, and services in accordance with good and accepted medical practice, and that they undertook to use reasonable care and diligence in the care and treatment of inmates, including Mr. Richardson.

33. The Medical Defendants and Corizon were negligent and careless, acted contrary to sound medical practice, and committed acts of medical malpractice against Mr. Richardson.

34. Corizon, as employer of some or all of the Medical Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

35. As a result of defendants' medical malpractice, negligence, carelessness, and unskillfulness, Mr. Richardson sustained the damages hereinbefore alleged.

36. A certificate of merit pursuant to Section 3012-a of the New York Civil Practice Law and Rules is annexed hereto.

## THIRD CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress

### (Against the Officer Defendants, the Medical Defendants, and Corizon)

37. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

38. Defendants engaged in extreme and outrageous conduct intentionally and recklessly causing severe emotional distress to Mr. Richardson.

39. By reason of the foregoing, defendants are liable to plaintiff for the intentional infliction of emotional distress.

40. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress suffered by Mr. Richardson. Defendant, Corizon, as employer of some or all of the Medical Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

41. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM FOR RELIEF

### Negligent Infliction of Emotional Distress

### (Against the Individual Defendants and Corizon)

42. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

43. By reason of the foregoing, defendants are liable to Mr. Richardson for the negligent infliction of emotional distress.

44. Defendants and their officers, agents, servants, and employees were responsible for this negligent infliction of emotional distress. Defendant Corizon, as employer of some or all of the Medical Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

45. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

### FIFTH CLAIM FOR RELIEF

### Negligent Hiring/Training/Retention of

### Employment Services

### (Against Corizon)

46. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

47. Defendant Corizon owed a duty of care to Mr. Richardson to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to Mr. Richardson or to those in a like situation would probably result from the foregoing conduct.

48. Upon information and belief, all of the Medical Defendants were unfit and incompetent for their positions.

49. Corizon knew or should have known through the exercise of reasonable diligence that the Medical Defendants that it employed were potentially dangerous.  Corizon's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused plaintiff's injuries.

50. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

10

## SIXTH CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

### (Department of Corrections, City of New York)

51.  Plaintiff repeats and realleges the foregoing paragraphs as if the same were

fully set forth at length herein

52. The City of New York and its employees, servants and/or agents acting within the

scope of their employment did negligently hire, retain, train and supervise the defendants,

individuals who were unfit for the performance of their duties on June 4, 2014, at the

aforementioned location.

53.  Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to

hear and adjudicate such claims.


## SEVENTH CLAIM FOR RELIEF

### Negligence

### (Against the Individual Defendants and Corizon)

54. Plaintiff repeats and realleges the foregoing paragraphs as if the same were

fully set forth at length herein.

55. Defendants owed a duty of care to Mr. Richardson as an inmate at the Manhattan

Detention Complex.

56. Defendants breached the duty of care that they owed to Mr. Richardson by not

properly performing their duties, by not being at their correct posts, by negligently closing a cell

door, by denying him access to adequate medical care, failing to provide medical treatment,

11

and/or otherwise neglecting his medical needs.

57. Defendants' breach of their duty of care was the proximate cause of Mr.

Richardson's serious injuries, including severe pain and suffering.

58. Defendant Corizon, as employer of all or some of the Medical Defendants,

is responsible for their wrongdoing under the doctrine of *respondeat superior*.

59. As a direct and proximate result of the misconduct and abuse of authority

detailed above, plaintiff sustained the damages hereinbefore alleged.


### EIGHTH CLAIM FOR RELIEF

### New York State Constitution, Art. I § 12

### (Against the Individual Defendants and Corizon)

60. Plaintiff repeats and realleges the foregoing paragraphs as if the same were

fully set forth at length herein.

61. By reason of the foregoing, by negligently, carelessly and recklessly supervising Mr.

Richardson and by denying Mr. Richardson adequate medical care, defendants deprived him of

rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I § 12 of

the New York Constitution.

62. Defendants acted under pretense and color of state law and in their

individual and official capacities and within the scope of their respective employments as City

and/or Department Of Corrections and/or DOHMH/CHS officers, agents, or employees. Said acts

by defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse

of their powers, and said defendants acted willfully, knowingly, and with the specific intent to

12

deprive Mr. Richardson of his constitutional rights secured by Article I § 12 of the New York Constitution.

63. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of Mr. Richardson's state constitutional rights.

64. Defendant Corizon, as employer of some or all of the Medical Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

65. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## PRAYERS FOR RELIEF

WHEREFORE, plaintiff respectfully requests judgment against defendants as follows:

1. Awarding compensatory damages in an amount to be determined at trial;

2. Awarding punitive damages against the Individual Defendants in an amount to be determined at trial;

3. Awarding plaintiff reasonable attorneys' fees and costs under 42 U.S.C.

4. Directing some other and further relief as the court may deem just and proper, together with attorney's fees, interest, costs and disbursements of this action.

DATED:     January 23, 2015
                New York, New York

Christine Delince, Esq
The Law Offices of
Onaodowan & Delince, PLLC
225 W. 34th Street
9th Floor
New York, NY 10122
(866) 374-9361 ph.
(917) 238-9332 m.
Attorney's for Plaintiff Rudolph Richardson

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ X

RUDOLPH RICHARDSON,

        Plaintiff,

            against

The CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF CORRECTIONS,
CORIZON HEALTH INC., DR. LANDIS BARNES
JOHN/JANE DOE #1-10,

            Defendants.

----- ------------------------------------------------X

15 Civ _____

**CERTIFICATE OF MERIT**

        CHRISTINE DELINCE, an attorney duly admitted to practice law before the Courts of

the State of the New York, hereby affirms, pursuant to CPLR 2106:

1.     That I am a member of the firm of ONAODOWAN & DELINCE, PLLC.

2.     I have reviewed the facts of this case and have consulted with at least one

     physician

who is licensed to practice law in this State, or any other State, and I reasonably believe that said

physician is knowledgeable as to the relevant issues involved in this particular action, and I have

concluded on the basis of such review and consultation that there is a reasonable basis for the

commencement of this action.

Dated: New York, New York

January 23, 2015

                            Christine Delince, Esq.